# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN DALE GROOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 16-1387-JWL |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I.     Background**

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for DIB and SSI benefits, alleging disability beginning April 17, 2012. (R. 10, 231, 239).[2] Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the ALJ erred in weighing the medical opinion of a consultative psychologist, Dr. Berg, in that he accorded great weight to the opinion but failed to assess limitations consistent with, or adequately discount certain limitations opined by Dr. Berg in that opinion.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The Act provides that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

---

[2]At the hearing Plaintiff requested to amend his onset date. (R. 31). That request was not addressed in the decision at issue. Plaintiff makes no argument in this regard in his Social Security Brief.

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e),

3

416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether, in light of the RFC assessed, claimant can perform his past relevant work; and whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's evaluation of Dr. Berg's opinion.

**II.    Discussion**

Plaintiff argues, "Due to [Mr.] Groom's preoccupation with his pain, Dr. Berg opined that [Mr.] Groom was able to attend to, process, and execute simple instructions, learn and retain new information, and accommodate to the demands of superficial interpersonal interactions." (Pl. Br. 11)[3] (citing R. 402). Plaintiff points out that a sales

---

[3]Plaintiff's counsel has failed to paginate her Brief. The court uses the page numbers supplied by the software is uses to read the .pdf files from its case management/electronic case filing (CM/ECF) system.

clerk job requires a reasoning level of three, and argues that Dr. Berg's opinion precludes the job of sales clerk on two bases. Id. First, he argues that "the plain language reading of Dr. Berg's opinion supports that [Mr.] Groom retained the capacity for only simple work," and that the Tenth Circuit has found that simple work "is inconsistent with the demands of level three reasoning. (Pl. Br. 12) (citing Hackett, 395 F.3d at 1176). He also argues that Dr. Berg's "limitation to superficial interpersonal interaction would preclude work as a sales attendant." Id. He argues that Dr. Berg's opinion is supported by Plaintiff's testimony that he occasionally has problems relating to other and by his neighbors' reports that he has a tendency to "blow up." Id. at 12-13. He points out that since he is limited to light work and is over fifty-five years old, if as he argues, he is unable to perform his past relevant work, the Medical-Vocational Guidelines require a finding of "disabled." Id. at 13.

The Commissioner argues that Dr. Berg stated Plaintiff's abilities, not his limitations, but that Plaintiff has recharacterized Dr. Berg's opinion to state limitations and mischaracterizes the basis of Dr. Berg's opinion as Plaintiff's preoccupation with pain. (Comm'r Br. 4-5). She argues that regardless of the alleged basis of Dr. Berg's opinion, he "did not limit Plaintiff in any way." Id. at 5. She argues that the ALJ's finding is supported by the opinions of the state agency psychologists, and the fact that during the alleged period of disability Plaintiff was working at highly skilled SVP-7 (specific vocational preparation) level work. Id. at 6.

5

In his Reply Brief, Plaintiff argues that Dr. Berg's statement is a medical opinion regarding the nature and severity of Plaintiff's condition and that even though the ALJ considered the opinion at step two of the sequential process and found Plaintiff's mental impairments not severe, he was required to, but didn't, include the limitations resulting from such a non-severe impairment in his RFC assessment. (Reply 2).

### A. The ALJ's Findings

As both Plaintiff and the Commissioner acknowledge, the ALJ found that Plaintiff's mental impairment is not severe within the meaning of the Act. (R. 13). In his step two discussion, the ALJ summarized and evaluated the opinions of Dr. Berg and of the state agency psychological consultants, Dr. Blum and Dr. Bergmann-Harms. Id. at 13-14. He gave these opinions great weight. Id. at 14-15. The ALJ specifically noted Dr. Berg's findings that Plaintiff is "able to attend and process simple information accurately" (R. 13), "is able to retain and execute simple instructions," "to learn and retain new information," and "to accommodate the demands of superficial interpersonal interactions." (R. 14). He also found that the opinion of the state agency psychologists is "consistent with the opinion of Dr. Berg." Id. at 15.

### B. Analysis

Plaintiff does not disagree with the ALJ's finding that Plaintiff's mental impairment is not severe, but he argues that the ALJ should have assessed mental functional limitations based on Dr. Berg's report of his examination of Plaintiff. However, Plaintiff's argument that "the plain language reading of Dr. Berg's opinion

6

supports that [Mr.] Groom retained the capacity for only simple work" is an argument in favor of his characterization of Dr. Berg's opinion.  However, Dr. Berg did not so limit Plaintiff.  As the Commissioner suggests, Dr. Berg opined that Plaintiff is clearly able to perform simple work and to meet the demands of superficial interpersonal interactions, he did not opine that was the <u>most</u> that Plaintiff could do.  In fact, a fair reading of Dr. Berg's report suggests that Plaintiff would be able to do much more.  (R. 401) ("Claimant is functioning within the high average to superior range of intellectual ability" "His total score, according to Wechsler norms, was within the superior range").  Plaintiff suggests that Dr. Berg limited Plaintiff to only simple work due to his preoccupation with his pain.  But again, although Dr. Berg acknowledged that Plaintiff "has become tense, irritable, and preoccupied with his pain for the past several years," he did not state that he <u>limited</u> Plaintiff to only simple work or to superficial interpersonal interactions because of that preoccupation.

While the court is skeptical that Dr. Berg's opinion could properly be viewed to suggest limitations to only simple work or to only superficial interpersonal interactions, it notes that even were it to find that is one possible understanding of Dr. Berg's opinion, the law is clear that even if the record evidence might support another understanding than that of the ALJ, if it will support the ALJ's interpretation, that interpretation must be accepted by the court.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  [The court] may not displace the agency's choice between two

fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

The ALJ's decision is supported by the record evidence viewed as a whole, and that decision must be AFFIRMED.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 11th day of October 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**